## LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* W. C. TRENT.

1. JURY DOCKET. *Cause placed upon. Request for jury. Waiver of.* Judgment was obtained before a justice, an appeal taken and the case put on the jury docket. The cause was finally carried to the Supreme Court and remanded. It was again put on the jury docket, and at the second trial defendant below moved to transfer it to the non-jury docket, because the records did not show any request had been made for a jury. The application was refused. *Held*, that no objection having been made at the first trial to the cause being placed upon the jury docket, all exceptions were thereby waived, and the application was correctly refused.

2. EVIDENCE. *Damages. Measure of.* Suit brought to recover damages for injury to horses shipped by rail from St. Louis to Stanton. The owner, for two days, refused to receive the horses at S., owing to some extra charges. The plaintiff was allowed to show the cost of the keeping of the horses for the two days in computing the damages. *Held*, that this was improperly admitted. The measure of

Railroad Company *v.* Trent.

damages was the injury sustained up to the time the horses were received at S., and no expense thereafter incurred could be properly charged to defendants.

FROM FAYETTE.

Appeal in error from the Circuit Court of Fayette county. T. J. FLIPPIN, J.

H. B. FOLK and H. C. MOORMAN for Railroad Company.

T. K. RIDDICK and C. A. STAINBACK for Trent.

DEADERICK, C. J., delivered the opinion of the court.

Trent obtained a verdict and judgment against the railroad company for damages to a car load of horses shipped from East St. Louis to Stanton, Tennessee, and the company has appealed to this court. The suit was originally instituted before a justice of the peace of Fayette county, who rendered judgment for Trent, and the company appealed to the circuit court, where a verdict and judgment were rendered for Trent, and the company appealed to this court. At the April term, 1883, the judgment was reversed, and this court remanded the cause for a new trial. In 1884, the cause was again tried and verdict and judgment were again rendered for Trent, and the company has again appealed.

The Referees have recommended a reversal for two alleged errors in the record, and Trent has excepted.

When the cause was appealed from the justice's judgment it was placed upon the jury docket, and the

first trial had, without objection, by jury. After it was remanded, it was again placed on the jury docket, and when called for trial, defendant below moved to have the cause placed upon the non-jury docket. The court refused the application, but gave defendant leave to show by evidence that no jury had been demanded, and that the cause should be remanded to the non-jury docket, holding that the verbal request to the clerk for the placing of a cause on the jury docket was sufficient, if made by either party. And if either party denied that a jury had been demanded, the action of the clerk would not be conclusive, but either party might introduce proof to settle the question. The defendant declined to introduce evidence and the trial proceeded.

It is insisted that it was error to refuse to remand the cause to the non-jury docket, as the record does not show that any demand for a jury was made within the time prescribed by statute. That act provides that, where suits are instituted in courts, either party shall demand a jury in his first pleading tendering an issue. In all other suits (as appeals, etc., from justices), the demand shall be made within the first three days of the trial term. Otherwise, it will be conclusively held that the parties agree that the judge may try without a jury, but, by consent, the parties may change the cause from one docket to the other: New Code, section 3602 to 3605.

It is argued for defendant in error, that the circuit judge correctly refused the application to transfer the cause to the non-jury docket; that the cause coming

by appeal from a justice of the peace, the demand is a pleading, and like other pleas in such case, need not be in writing, as held by the Referees, or made to or before the court. But the demand, however made, is not a plea or part of the pleading in the case, but rather an act of the Legislature prescribing the mode in which the issues made by the pleadings should be determined.

We are of opinion, however, that the action of the court was correct upon another ground. The cause had been placed upon the jury docket in 1880, and had been several times continued, upon the call of that docket, by the defendant, and once tried by a jury without any objection by it; and after the cause was remanded from this court, it still being on the jury docket, it was continued by defendant, and up to the term at which the second trial was had, no objection below was made on account of its not having been properly placed upon the jury docket. Under these circumstances it is fair to infer the party now objecting waived all exceptions to its being placed upon the jury docket. Although we think the proper and better practice would be, in the cases of appeals, etc., from justices' judgments, that the party demanding a jury should, in open court, demand it and have a record made of the demand, thus precluding future controversy, yet the consent of both parties may be presumed where their acts unmistakably indicate such consent.

The exception to the report of the Referees upon this point will therefore be sustained. The other ob-

jection to the report of the Referees arises upon its holding in respect to the admission of evidence.

The plaintiff below refused, for two days, to receive the horses at Stanton, owing to some extra charges by the company, but did then receive them and took them to Somerville. Plaintiff's agent, who purchased the horses in St. Louis, was examined on the trial and asked by plaintiff, " What was the feeding of the horses at Somerville, from the time they were brought to Somerville until they were sold, worth a day?"

The question was objected to by defendant " as not competent or relevant, and not proper evidence to show damages under the contract." The objection was overruled and witness answered, " that the keep of the horses was worth fifty cents a day each. It was several months before they were all sold," etc. It is now argued that the objection is not specific, and that the evidence is competent, relevant, etc.

We are of opinion that the objection does sufficiently indicate to the grounds of the objection, and that its admission was, in effect, a declaration by the court to the jury that it was relevant, competent and proper evidence under the contract to show damages. We are also of opinion, that the evidence was improperly admitted, because the measure of damages was the injury sustained up to the time the horses were received at Stanton, and no expenses thereafter incurred in their case was properly chargeable to defendant. It was allowed, without any special instructions, to go to the jury, and most probably entered into the computation of the jury in estimating the

damages, for there is no other purpose for which this testimony seems to have been admissible.

This was error, and the exception to the report of the Referees upon this point will be overruled, the report will be confirmed recommending a reversal, the judgment will be reversed, and the cause will be remanded for a new trial.